UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| RADIOLOGY DIAGNOSTICS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-11521-LTS |
| AETNA HEALTH MANAGEMENT LLC, AETNA LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON DEFENDANTS' MOTION TO DISMISS
COUNT I FOR FAILURE TO STATE A CLAIM

September 28, 2012

SOROKIN, C.M.J.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendants, Aetna Health Management LLC and Aetna Life Insurance Company (collectively, "Aetna"), seek dismissal of Count I of the Complaint filed against them by the plaintiff, Radiology Diagnostics, LLC ("RD"). For the reasons that follow, the motion (docket # 6) is DENIED.

I.  BACKGROUND

RD is a Massachusettss corporation that performs "radiological and other types of imaging services." Document No. 1-3 at ¶¶ 1, 4. Those services included interpretation of X-rays supplied to RD by chiropractors and other doctors. Id. at ¶ 6. Beginning in July 2008, RD submitted bills to Aetna related to such services it performed for individuals insured by Aetna. Id. at ¶¶ 4, 7. RD claims Aetna, without explanation, has failed to pay outstanding balances on

certain bills, totaling more than $300,000.  Id. at ¶¶ 8, 13.

As a result, RD sued Aetna in July 2012 in the Bristol County Superior Court for the Commonwealth of Massachusetts, alleging negligence, breach of contract, and violation of Chapter 93A of the Massachusetts General Laws.  Id. at ¶¶ 14-27.  Aetna removed the action to this Court on August 16, 2012, Document No. 1, and thereafter moved to dismiss RD's negligence claim, Document No. 6.  RD opposed the motion.[1]  Document No. 9.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge.  Document No. 11.

II.   STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  This "tenet . . . is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  Dismissal for failure to state a claim is appropriate only when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)) (internal quotation marks omitted).

---

[1] Although RD offered to withdraw its negligence claim in exchange for a stipulation by Aetna that it intentionally failed to pay each disputed bill, see Document No. 9 at 1, Aetna has not entered such a stipulation, see Document No. 15.

III.     DISCUSSION

Aetna argues that RD has failed to state a claim for negligence because it has not identified "a duty to act apart from the promise allegedly made by Aetna."  Document No. 7 at 3.  Therefore, Aetna suggests, any "intentional decision not to pay a bill allegedly due under a contract is not 'negligence,'" but breach of contract.  Id. at 4.  In response, RD contends it can pursue – and has sufficiently alleged – both negligence and breach-of-contract theories of liability, with the former based on its assertion that Aetna had a duty to exercise reasonable care in reviewing the disputed bills before denying them.  Document No. 9 at 2-3; see Document No. 1-3 at ¶¶ 8, 10 (alleging Aetna denied payment without explanation and without conducting reasonable investigation).

There is some logical appeal to Aetna's view that RD's claims sound in contract and not tort, as the only source of any duty Aetna owed to RD appears to be a contractual obligation to pay for services rendered to its insureds.  Massachusetts law, however, does not preclude a plaintiff from asserting – or, in the appropriate case, prevailing based on – both theories of liability.  See Abrams v. Factory Mut. Liab. Ins. Co., 10 N.E.2d 82, 84 (Mass. 1937) ("Although [a] duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty as distinguished from mere failure to perform it, causing damage, is a tort."); see also Redgrave v. Boston Symphony Orchestra, Inc., 557 F. Supp. 230, 238 (D. Mass. 1983) ("If the relationship of the parties is such as to support a cause of action in tort, that cause of action is not to be denied because the parties happened also to have made a contract.").

Under these circumstances, a determination limiting RD's claims to either contract or tort would be premature.  Discovery in this matter might ultimately establish that Aetna fully

reviewed and intentionally denied each disputed bill. If that is the case, Aetna may seek summary judgment on RD's negligence claim. But if the facts discovered suggest that, at least in some instances, Aetna denied payment of bills without proper review, RD could appropriately pursue its negligence claim before a factfinder. Accordingly, Count I of RD's complaint is not subject to dismissal at this stage of the proceedings.

IV.  CONCLUSION

For the foregoing reasons, Aetna's Motion to Dismiss Count I (docket # 6) is DENIED without prejudice to Aetna reasserting its objections to RD's negligence claim in a motion for summary judgment after the completion of fact discovery.

SO ORDERED.

/s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge